# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REINALDO ACOSTA, JR.,

           Plaintiff,

v.

MR. COLE, MR. GOLD, DR. MONUS, and WARDEN JOHN DOE,

           Defendants.

Case No. 19-CV-1156-JPS

**ORDER**

Plaintiff Reinaldo Acosta, Jr., who is incarcerated at Redgranite Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's motion to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #2). Generally, a prisoner plaintiff would be made to pay an initial partial filing fee, but because this action is plainly meritless, the Court will dispense with that formality. The Court will, nevertheless, grant Plaintiff's motion to proceed *in forma pauperis* in light of his apparent poverty. *See* (Docket #2).[1] He will be obliged to pay the filing fee over time as explained below.

The Court proceeds to screen the complaint, as it is required to do with complaints brought by prisoners seeking relief against a governmental

---

[1] Plaintiff's motion to proceed *in forma pauperis* asks that the Court allow him to pay his entire filing fee out of his release account. (Docket #2 at 2). The Court must deny this request. Inmates' release accounts are not intended for this purpose. *Wilson v. Anderson*, No. 14-CV-0798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014); Wis. Admin. Code § DOC 309.466. Plaintiff should have considered the expense of the filing fee before he filed this action. *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003).

entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell*, 352 F.3d at 1109–10 (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

As noted above, Plaintiff is currently incarcerated. This case does not, however, relate to his present confinement. Rather, Plaintiff states that from April 2000 until August 2000, he was housed at the Ethan Allen School for Boys, which at the time was a reform school operated by the Wisconsin Department of Corrections ("DOC"). Plaintiff was presumably a juvenile delinquent in the DOC's custody, and was eighteen, turning nineteen in

July 2000.[2] Plaintiff asserts that he was sexually assaulted by Defendant Mr. Cole, the chaplain. The other defendants, a social worker, a psychologist, and the school's warden, allegedly knew about the assaults and did nothing. Plaintiff contends that Defendants' conduct violated his Eighth Amendment right to be free from cruel and unusual punishment.

Though Plaintiff's allegations are lamentable, they come far too late to form a valid cause of action. At the time of the alleged assaults, the statute of limitations applicable to Plaintiff's constitutional claim was six years. *See* Wis. Stat. § 893.53 (amended 2018). Because he was a minor at the time of at least some of the assaults, the statute of limitations did not begin to run until Plaintiff was twenty. *Id.* § 893.16. Even with this extension of the limitations period, however, Plaintiff's lawsuit is late by over a decade. Though the statute of limitations is normally asserted by defendants as an affirmative defense, courts are empowered to dismiss a case on such grounds when "it is so plain from the language of the complaint . . . that it renders the suit frivolous." *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002); *Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2018). The Court will do so in this instance because this action is far beyond the allowable time for it to have been filed. The Court will, therefore, dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **GRANTED**;

---

[2] Plaintiff's date of birth was located in publicly available online court records. *See State of Wisconsin v. Reinaldo C. Acosta*, Milwaukee County Circuit Court Case No. 2001-CF-5274, *available at*: https://wcca.wicourts.gov.

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim;

**IT IS FURTHER ORDERED** that the Clerk of Court document that Plaintiff has incurred a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee, $350.00, by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge